UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHMITT, CDCR #BB-8941,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SHERIFF BILL GORE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-00753-JAH-NLS<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILURE TO PAY FILING FEES OR FILE A MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2) AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

　　　MICHAEL SCHMITT ("Plaintiff"), currently incarcerated at North Kern State Prison ("NKSP") in Delano, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). He has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a), and has not filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)—although he has filed a letter indicating he has requested a certified copy of his prison trust account statements from NKSP (ECF No. 2).

1

## I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Regardless of whether Plaintiff paid the filing fee, or filed a properly supported Motion to Proceed IFP, however, a preliminary review of his Complaint shows this case is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he filed back in 2014. *See Schmitt v. Gore, et al..*, S.D. Cal. Civil Case No. 3:14-cv-02937-JLS-RBB ("*Schmitt I*") (ECF No. 1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d

2

3:17-cv-00753-JAH-NLS

1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Schmitt I*, Plaintiff alleged, as he does in this case, that San Diego County Sheriff William Gore, a Deputy Sheriff named Morgan, and the City of Santee, all violated his constitutional rights on August 14, 2014, by conducting an illegal search and seizure at a residence owned by Jeff Freihtsikking. *Compare* ECF No. 1 in 14cv2937-JLS-RBB *with* ECF No. 1 at 17cv0753-JAH-NLS. Plaintiff contends, in both cases, that Defendants "falsely" arrested him as a result of the search, and damaged both his and Freihtsikking's property. (*Id.*)

Because Plaintiff has already brought the identical claims presented in the instant action against the same defendants in *Schmitt I*, the Court must dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action based on Plaintiff's failure to pay filing fees required by 28 U.S.C. § 1914(a), his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 10, 2017

HON. JOHN A. HOUSTON
United States District Judge